```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOHNNY ALBERTO TAVAREZ,             x
                                    x    96 Cr. 895 (SWK);
                                    x    03 Civ. 7610 (SWK)
            Petitioner,             x
                                    x         OPINION
                                    x
            -against-               x
                                    x
                                    x
UNITED STATES OF AMERICA,           x
                                    x
                                    x
            Respondent.             x
------------------------------------X
```
**SHIRLEY WOHL KRAM, U.S.D.J.**

**I. INTRODUCTION**

Petitioner Johnny Alberto Tavarez pled guilty to conspiracy to distribute and possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846. On August 26, 2003, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255. In an Opinion filed May 9, 2005, the Court denied Tavarez's motion. Petitioner now moves for reconsideration of the Court's decision pursuant to Federal Rule of Civil Procedure 59(e).

Tavarez maintains that the Court committed a "manifest error of fact and law" in its adjudication of his § 2255 ineffective assistance of counsel claims. See Pl. Br. at 3. However, Petitioner revisits many of the precise issues raised

in his previous application for post-conviction relief. In assessing his original § 2255 motion, the Court took into account the exhibits and arguments Tavarez now claims were overlooked. Consequently, Tavarez's motion to amend or alter the Court's May 7, 2005 decision is hereby denied.

**II. DISCUSSION**

A Rule 59(e) motion to amend or alter a decision should only be granted where the Court has overlooked factual issues or controlling decisions which were presented to it on the underlying motion. Cohen v. Koenig, 932 F.Supp. 505, 506-07 (S.D.N.Y. 1996); Farkas v. Ellis, 783 F.Supp 830 (S.D.N.Y.), aff'd, 979 F.2d 845 (2d Cir. 1992). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles A. Wright, et al., Federal Practice & Procedure § 2810.1, at 127-28 (1995); see also F.D.I.C. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992). The rule "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Ades v. Deloitte & Touche, 843 F.Supp. 888, 892 (S.D.N.Y. 1994). In essence, the standard for a motion to alter or amend a judgment under Rule 59(e) is the same as for a motion

to reconsider under Southern District of New York Local Rule 6.3.

Petitioner requests that the Court reconsider its denial of a series of ineffective assistance claims. First, Tavarez argues that his attorney's impeachment of NYPD Officer Kevin Grogan was inadequate and that the Court failed to consider the pervasiveness of his false testimony in making its decision. In addition, Petitioner seeks to revisit the issue of his attorney's cross-examination of FBI Agent David Higgins. As stated previously, decisions as to the nature and extent of cross-examination rest within the strategic discretion of trial attorneys. See United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998); United States v. Eisen, 974 F.2d 246, 265 (2d Cir. 1992). Petitioner's instant application rehashes arguments that were not overlooked and do not warrant reconsideration under Rule 59(e).

Next, Tavarez asks the Court to reevaluate its legal treatment of his claim that the government violated Federal Rule of Criminal Procedure 41. In evaluating Petitioner's original § 2255 motion, the Court carefully evaluated the relevant facts and legal arguments submitted by each party. Tavarez's instant application fails to point to any specific legal errors and concedes that his "only contention [now] is that this Court

consider the abundance of evidence filed in support" of his original motion. Pet. Br. at 7. In a similar manner, Tavarez provides no compelling rationale to revisit the Court's decision with respect to 18 U.S.C. § 3109. Petitioner's original motion did not delineate how a violation of this statute occurred, nor establish how any perceived attorney error affected the outcome of the proceeding. See Strickland v. Washington, 466 U.S. 668, 688 (1984). Accordingly, the Court will not reconsider its decision to deny his motion.

Finally, Petitioner asks the Court to reconsider its ruling that Tavarez's plea was 'knowing and intelligent' under Federal Rule of Criminal Procedure 11. He contends his appellate counsel neglected to litigate this issue and that the Court failed to consider his February 14, 2005 letter in evaluating his § 2255 application. Tavarez has made this argument repeatedly and has provided no controlling legal basis for the Court to reconsider its decision. In accordance with Apprendi v. New Jersey, 530 U.S. 466 (2000), Tavarez's sentence was appropriately capped at 240 months, the statutory maximum for 18 U.S.C § 841(b)(1)(C). Consequently, Petitioner's sentence did not require a jury finding as to drug quantity that would implicate the Rules of Evidence. See United States v. Thomas, 274 F.3d 655, 663 (2d Cir. 2001). The Court seriously

considered Tavarez's § 2255 submissions and can find no legal justification to alter his conviction or sentence under Rule 59(e).

### III. CONCLUSION

Petitioner fails identify any factual or legal issues that were overlooked by the Court in its May 7, 2005 ruling. Therefore, Tavarez's motion to amend or alter the Court's decision is denied.

SO ORDERED.

/s/ Shirley Wohl Kram
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:  New York, New York
        June 22, 2005